IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TREMAINE M. FORBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13-cv-2479-STA-dkv |
| | ) | Chief Judge S. Thomas Anderson |
| KELLOGG COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM PLAINTIFF TREMAINE L. FORBERS

COMES NOW Defendant Kellogg Company (hereinafter "Kellogg"), by and through counsel and pursuant to Fed. R. Civ. P. 37, and respectfully moves this Court to issue an Order: (1) compelling Plaintiff Tremaine Forbers ("Plaintiff") to serve initial disclosures as required by Fed. R. Civ. P. 26(a); (2) compelling Plaintiff to serve responses to Defendant Kellogg Company's First Interrogatories to Plaintiff Tremaine M. Forbers and Defendant Kellogg Company's First Request for Production of Documents to Plaintiff Tremaine M. Forbers; and (3) awarding Kellogg reasonable costs and expenses, including attorney's fees, incurred in bringing this Motion. In further support of its Motion, Kellogg states the following:

### BACKGROUND

Pursuant to the Court's Scheduling Order, the parties were required to exchange initial disclosures by September 27, 2013. (Dkt. No. 16). Having received no initial disclosures, Defense Counsel sent a letter to Plaintiff on October 14, 2013, reminding him of his obligation to make the initial disclosures and requesting that he serve them by October 21, 2013. (*See* Oct. 14, 2013 letter from L. McNeil to T. Forbers, attached hereto as Exhibit A). Defense Counsel sent another letter to Plaintiff on November 12, 2013, requesting that he serve his initial disclosures.

(*See* Nov. 12, 2013 letter from L. McNeil to T. Forbers, attached hereto as Exhibit B).  No response to these letters was ever received by Defense Counsel.[1]  As of this filing, and despite repeated requests, Plaintiff has yet to serve his initial disclosures pursuant to Fed. R. Civ. P. 26.

On October 4, 2013, Kellogg served Plaintiff with Kellogg Company's First Interrogatories to Plaintiff Tremaine M. Forbers and Defendant Kellogg Company's First Request for Production of Documents to Plaintiff Tremaine M. Forbers.  (*See* Kellogg's discovery requests, attached hereto as Exhibit C).  Pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A), Plaintiff had until November 6, 2013 to respond to Kellogg's discovery requests.  As of this filing, and despite repeated requests, Plaintiff has yet to serve responses to Kellogg's discovery requests.

Defense Counsel has attempted to confer with Plaintiff on several occasions regarding his failure to respond to Kellogg's discovery requests.  Defense Counsel sent a letter to Plaintiff on November 12, 2013, requesting that he serve responses and informing him that Kellogg would file a motion to compel if he did not respond to the discovery requests by November 22, 2013.  (*See* Exhibit B).  No response to this letter was ever received by Defense Counsel.  Defense Counsel also called Plaintiff on December 2, 2013, concerning Plaintiff's failure to serve responses to Kellogg's discovery requests.  (*See* Dec. 2, 2013 e-mail from L. McNeil to T. Forbers, attached hereto as Exhibit D) (memorializing the telephone conversation).  As of the date of this filing, Plaintiff has neither served his Rule 26(a) disclosures nor served his discovery responses.

---

[1] Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the facts contained herein are true and accurate to the best of my knowledge.  /s Lynette W. McNeil.

## ARGUMENT

A party may file a motion to compel discovery where the other party has failed to respond to discovery requests. *See* Fed. R. Civ. P. 37(a)(3). This includes where a party: (1) fails to make disclosures required by Rule 26(a) (*see* Fed. R. Civ. P. 37(a)(3)(A)); (2) fails to answer interrogatories (*see* Fed. R. Civ. P. 37(a)(3)(B)(iii)); and (3) fails to produce or permit inspection of documents (*see* Fed. R. Civ. P. 37(a)(3)(B)(iv)). Where a party is forced to bring a motion to compel discovery and an order granting such motion is entered, the moving party is entitled to attorneys' fees and costs incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

As outlined above, Plaintiff has failed to perform his discovery obligations. Plaintiff's delay in serving initial disclosures and responding to Kellogg's discovery requests is in no way justified. Plaintiff's conduct has needlessly stalled this litigation, and for the reasons previously stated, it is appropriate for this Court to grant Kellogg's Motion and award reasonable expenses. *See Taylor v. Sedgwick Claims Mgmt. Servs.*, Case No. 2:11-cv-023902012 U.S. Dist. LEXIS 90243 (W.D. Tenn. June 29, 2012) (granting the defendant's request for attorneys' fees incurred in the filing of their motion to compel where the *pro se* plaintiff failed to adequately respond to discovery requests); *Craig v. EZ Pawn Tenn., Inc.,* No. 08-2334, 2010 U.S. Dist. LEXIS 16814 (W.D. Tenn. Feb. 24, 2010) (adopting magistrate judge's report and recommendation and ordering a *pro se* plaintiff to pay the fees, costs, and expenses incurred by the defendants filing their motion to compel).

## CONCLUSION

WHEREFORE, Kellogg respectfully requests that the Court enter an Order: (1) compelling Plaintiff Tremaine Forbers ("Plaintiff") to serve initial disclosures as required by Fed. R. Civ. P. 26(a); (2) compelling Plaintiff to serve responses to Defendant Kellogg Company's First Interrogatories to Plaintiff Tremaine M. Forbers and Defendant Kellogg

Company's First Request for Production of Documents to Plaintiff Tremaine M. Forbers; and (3) awarding Kellogg reasonable costs and expenses, including attorney's fees, incurred in bringing this Motion.

Respectfully submitted, this the 13th day of December, 2013.

                                        s/Lynette McNeil
                                      Halima Horton
                                      BPR No. 021887
                                      hhorton@mcguirewoods.com
                                      Lynette McNeil
                                      Ga. Bar. No. 065360
                                      lmcneil@mcguirewoods.com
                                      McGuireWoods LLP
                                      1230 Peachtree Street, N.E.
                                      Suite 2100, Promenade II
                                      Atlanta, Georgia  30309-3534
                                      Telephone: 404-443-5500
                                      Facsimile: 404-443-5599

                                      *Attorneys for Defendant*

## **CERTIFICATE OF CONSULTATION**

Pursuant to this Court's Local Rule 7.2(a)(1)(B), counsel for Defendant Kellogg Company hereby certifies that upon consultation with Plaintiff, accord could not be reached regarding the instant motion. Said consultation was made with Plaintiff Tremaine Forbers via e-mail and letter on October 14, 2013, and November 12, 2013. Consultation was also made with Plaintiff via telephone and e-mail on December 2, 2013.

s/Lynette McNeil
Lynette McNeil
Ga. Bar No. 065360
lmcneil@mcguirewoods.com
McGuireWoods LLP
1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia  30309
Office:  (404) 443-5500
Facsimile:  (404) 443-5599

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2013, I caused the foregoing *Defendant's Motion to Compel Disclosures and Discovery Responses from Plaintiff Tremaine L. Forbers* to be deposited in the United States Mail, postage prepaid, and addressed as follows:

>Tremaine M. Forbers
>95 North Fork Drive
>Moscow, TN  38057

>s/Lynette McNeil
>Lynette McNeil
>Ga. Bar No. 065360
>lmcneil@mcguirewoods.com
>McGuireWoods LLP
>1230 Peachtree Street, NE, Suite 2100
>Atlanta, Georgia  30309
>Office:  (404) 443-5500
>Facsimile:  (404) 443-5599
>
>*Attorney for Defendant*